IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRIAN STIGILE, | § | |
| | § | No. 364, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID Nos. 0803012226 and |
| Plaintiff Below- | § | 0711013969 |
| Appellee. | § | |

Submitted: April 24, 2015
Decided: June 25, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 25th day of June 2015, upon consideration of the appellant's opening brief and the State's motion to affirm, it appears to the Court that:

(1) The defendant-appellant, Brian Stigile, filed this appeal from the Superior Court's order sentencing him for his second violation of probation (VOP). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Stigile's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Stigile pled guilty in September 2008 to six criminal charges under three different indictments. Only four of those charges are relevant to the VOP proceeding from which Stigile now appeals.

On February 9, 2009, the Superior Court issued a corrected order sentencing Stigile, in relevant part, as follows: (i) for Burglary in the Third Degree, three years at Level V incarceration, to be suspended upon successful completion of Boot Camp for one year at Level III probation; (ii) for Conspiracy in the Second Degree, one year at Level V incarceration, to be suspended immediately for one year at Level III probation; (iii) for a second charge of Conspiracy in the Second Degree, one year at Level V incarceration, to be suspended immediately for one year at Level III probation; and (iv) for Attempted Theft, one year at Level V incarceration, to be suspended immediately for one year at Level III probation.

(3)    In 2011, Stigile was found in violation of his probation. On October 12, 2012, the Superior Court issued a corrected VOP sentencing order, which sentenced Stigile as follows:  (i) for Burglary in the Third Degree, three years at Level V incarceration, to be suspended after serving six months in prison for two years at decreasing levels of supervision; (ii) for Conspiracy in the Second Degree, one year at Level V incarceration, to be suspended after serving three months for one year at Level III probation; (iii) for the second charge of Conspiracy in the Second Degree, one year at Level V incarceration, to be suspended after serving three months for one year at Level III probation; and (iv) for Attempted Theft, one year at Level V

incarceration, to be suspended after serving three months for one year at Level III probation.

(4) In 2014, Stigile was charged with his second VOP after he was arrested on new criminal charges of Possession of Heroin and Promoting Prison Contraband.[1] At the VOP hearing held on June 5, 2014, Stigile admitted that he violated his probation by having heroin while he was in prison. The Superior Court immediately sentenced him as follows: (i) for Burglary in the Third Degree, eighteen months at Level V incarceration, to be suspended upon successful completion of the Greentree Program with no probation to follow; (ii) for Conspiracy in the Second Degree, nine months at Level V incarceration, to be suspended upon successful completion of the Greentree Program with no probation to follow; (iii) for the second charge of Conspiracy in the Second Degree, nine months at Level V incarceration, to be suspended for nine months at Level IV Residential Substance Abuse Treatment, to be suspended upon successful completion of the Level IV program with no probation to follow; and (iv) for Attempted Theft, nine months at Level V incarceration, to be suspended entirely for one year at Level III probation. Stigile appeals that order.

_____

[1] Stigile pled guilty to Promoting Prison Contraband on August 6, 2014.

3

(5)     Stigile enumerates four issues in his opening brief on appeal. First, he contends that the probation officer offered false hearsay testimony against him regarding an incident at Sussex Correctional Institute for which he was never convicted.   Second, he contends that the Superior Court engaged in judicial misconduct by relying upon the probation officer's false testimony.  Third, Stigile asserts that his VOP sentence is illegal.  Finally, he asserts that the administrative warrant contained incorrect information, which violated his constitutional rights.

(6)     We find no merit to any of Stigile's contentions.  In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of his probation.[2]     A preponderance of evidence means "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[3]   Furthermore, the rules of evidence are relaxed in a VOP hearing, and hearsay evidence is admissible.[4]

(7)     In this case, notwithstanding any alleged errors in the administrative warrant issued against him, it is clear that Stigile had notice

---

[2] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

[3] *Id. (quoting Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).

[4] *Id.*

4

of the alleged violations, was present at the VOP hearing with counsel, and had the opportunity to be heard. At the start of hearing, Stigile informed the judge that he admitted the violations because he had heroin in his possession while in a correctional facility. Under these circumstances, the evidence was more than sufficient to sustain the Superior Court's finding of a VOP, and there is nothing in the record to substantiate Stigile's claims of either false testimony by the probation officer, misconduct by the judge, or any due process violation.

(8) Moreover, we find no merit to Stigile's remaining arguments challenging the legality of his sentence. Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[5] In sentencing a defendant for a VOP, the trial court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[6] In this case, the Superior Court noted the seriousness of Stigile's VOP charge, which involved smuggling heroin into a correctional facility, and took into consideration all of the time that Stigile previously served. The Superior Court's VOP sentence reimposed enough Level V prison time

---

[5] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

[6] DEL. CODE ANN. tit. 11, § 4334(c) (2007).

so that Stigile would be able to complete the Greentree Program during his period of incarceration, followed by decreasing levels of supervision at Level IV Crest and Level III Crest Aftercare. Under the circumstances, the sentence was authorized by law, was neither arbitrary nor excessive, and does not reflect any evidence of a closed mind by the sentencing judge.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Randy J. Holland*
Justice